NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE B. CLAY,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1254

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3400, Senior Judge William P. Greene, Jr.

---

Decided:  June 10, 2022

---

WILLIE B. CLAY, Starkville, MS, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————————

Before LOURIE, PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

Willie B. Clay appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying compensation under 38 U.S.C. § 1151 for a disability resulting from a December 2006 hip surgery. *See Clay v. McDonough*, No. 20-3400, 2021 WL 4445383 (Vet. App. Sept. 29, 2021) ("*Veterans Court Decision*"). Because we lack jurisdiction over the appeal, we *dismiss*.

Clay underwent a revision of a right total hip arthroplasty at a Department of Veterans Affairs ("VA") medical center in December 2006. *Veterans Court Decision* at \*1. Shortly thereafter, he developed acute disseminated intravascular coagulation (DIC) and was treated for this condition. *Id.* Years later, in March 2011, he was diagnosed with coronary artery disease (CAD). *Id.*

In February 2012, Clay filed an informal claim for compensation under 38 U.S.C. § 1151, asserting that his hip operation caused a heart attack and DIC. *Id.* Over the course of the following eight years—which included two remands from the Board to the VA regional office to obtain more information—the VA obtained at least three medical opinions in which the examiner opined that the VA medical center did not err in treating and managing Clay, and that it is less likely than not that Clay's heart condition was caused by or worsened by the VA's treatment. *See id.* at \*1–2; *see also* SAppx. 14–19; SAppx. 20–40; SAppx. 67–71. In April 2020, the Board relied on the medical opinions to deny compensation. The Veterans Court affirmed, finding no clear error in the Board's reliance on the medical opinions. Clay appealed to this court.

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We lack jurisdiction to review challenges to factual determinations or the application of law to the facts of a particular case. 38 U.S.C. § 7292(d). Here, to the extent we can discern any arguments in Clay's informal brief, he appears to simply disagree with the factual determinations set forth in the Board's April 2020 decision denying compensation and the Veterans Court's affirmance of that decision. Clay does not, however, present any challenge over which we have jurisdiction. Accordingly, we must dismiss his appeal.

**DISMISSED**

COSTS

No costs.